UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-212-1FL

UNITED STATES OF AMERICA

v.

SEAN HAYNES

ORDER

This matter comes before the Court on the defendant's notice of consent to waive his revocation hearing and motion for sentence to time served.[1] Upon agreement, the parties seek a sentence of time served in this matter. Upon review by the Court, the waiver is ALLOWED and it is the JUDGMENT of this Court that defendant Sean Haynes shall be sentenced to a period of time served in the custody of the Bureau of Prisons or its authorized representative.

Rule 32.1 of the Federal Rules of Criminal Procedure allows a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits to the violations outlined in the motion for revocation. In his motion, Mr. Haynes admits to the violations –failure to participate as directed in a urinalysis program, failure to participate as directed by the probation officer in a treatment program for narcotic addition, drug dependency, or alcohol dependency, and absconding. Mr. Haynes further requests that his hearing is waived and that his matter be adjudicated on the pleadings. As the Court is satisfied that Mr. Haynes has met the requirements of Rule 32.1, the waiver is accepted.[2]

---

[1] Also before the Court is a petition to revoke defendant Sean Haynes' term of supervised release. [DE-62].

[2] A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant. *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005) (discussing the totality of circumstances found in the record); *United*

Mr. Haynes was sentenced to 38 months imprisonment and a 24-month term of supervised release for violations of 18 U.S.C. §§ 922(g) and 924. His term of supervised release began on May 11, 2018 and would have expired on or about May 11, 2020. The primary focus in fashioning a supervised release revocation sentence is on the breach of trust. *United States Sentencing Guidelines* Ch. 7, Pt. A(3)(b). However, the sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of court-ordered supervision." *United States v. Crudup*, 461 F.3d 433, 438; *see also United States Sentencing Guidelines* Ch. 7, Pt. A(3)(b). The allegations presented in the petition for revocation are grade C violations. In consideration of Mr. Haynes' criminal history category of IV, Chapter 7 of the *Sentencing Guidelines* recommends a guidelines range of 6-12 months. Mr. Haynes has been in custody since on or about November 6, 2019. The parties agree that a sentence of time served, slightly below the bottom of the guidelines range, is an appropriate sentence. The Court adopts this recommendation.

WHEREFORE, the Court finds that Sean Haynes has violated the terms and conditions of the judgement as follows:

1. Failure to participate as directed in a urinalysis program.
2. Failure to participate as directed by the probation officer in a treatment program for narcotic addition, drug dependency, or alcohol dependency.
3. Absconding.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the supervised release term is revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of time served.

---

*States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981) (discussing the application of Fed. R. Crim. P 11 to revocation proceedings)).

IT IS FURTHER ORDERED that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein.

SO ORDERED.

This 24th day of April, 2020.

                                               LOUISE W. FLANAGAN
                                               United States District Judge